UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FLETCHER SAM, | ) | 1:05-cv-00426-AWI-TAG |
| | ) | |
| Petitioner, | ) | REPORT AND RECOMMENDATION |
| | ) | TO GRANT PETITIONER'S MOTION |
| | ) | TO DISMISS WITHOUT PREJUDICE |
| v. | ) | THE PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS (Doc. 10) |
| | ) | |
| PAUL M. SCHULTZ, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

### BACKGROUND

On March 31, 2005, Petitioner filed the instant petition, raising constitutional questions regarding the manner of calculating Petitioner's credits. (Doc. 1). On March 24, 2006, pursuant to an order of the Court, Respondent filed a response. (Doc. 9). On April 10, 2006, Petitioner filed a brief document requesting "that the court construe this communication as a Motion to Dismiss Without Prejudice, the 28 U.S.C. sec. 2241 Motion currently Pending before this court in case Number 1:05-CV-00246." (Doc. 10).

### DISCUSSION

Subject to other provisions of law, a petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a). Otherwise, an action shall not be dismissed except "upon order of the court 05-002and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). A

1

1  motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be
2  granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the
3  dismissal.  See Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001); see also Stevedoring Svcs. Of
4  America v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989) (stating that the purpose of Rule
5  41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will
6  not be prejudiced...or unfairly affected by dismissal.")  "[L]egal prejudice does not result merely
7  because the defendant will be inconvenienced by having to defend in another forum or where a
8  plaintiff would gain a tactical advantage by that dismissal.  Smith, 263 F.3d at 976.  Rather, legal
9  prejudice is "prejudice to some legal interest, some legal claim, some legal argument."  Smith, 263
10 F.3d at 976.

11      Here, Respondent had filed a response before Petitioner filed his request for dismissal.  No
12 stipulation for dismissal has been filed in this case.  See Fed. R. Civ. P. 41(a)(1).  Accordingly, the
13 motion to dismiss lies in the discretion of the Court, and the Court should grant Petitioner's motion
14 unless Respondent will suffer legal prejudice thereby.  Smith, 263 F.3d at 975.  Certainly,
15 Respondent has already expended some effort in this case by filing a voluminous response to the
16 instant petition.   Nevertheless, in the ensuing ten months since Petitioner filed his motion to dismiss,
17 Respondent has never filed an opposition to Petitioner's motion nor has Respondent filed any other
18 document in these proceedings suggesting that Respondent would be legally prejudiced should the
19 Court grant the motion to dismiss.  Although Petitioner offers no reasons for requesting the
20 dismissal, nothing in the record now before the Court suggests that the dismissal is being sought for
21 improper motives or to gain a tactical advantage.  It appears to the Court that Petitioner has simply
22 decided to abandon his petition.

23      Under these circumstances, the Court concludes that Respondent would not be legally
24 prejudiced by the dismissal of this action, and therefore recommends the same.
25 ///
26 ///
27 ///
28

2

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Petitioner's Motion to Dismiss the petition (Doc. 10), be GRANTED.

This Report and Recommendation is submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Judge.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 21, 2007**                              /s/ Theresa A. Goldner
**j6eb3d**                                                  UNITED STATES MAGISTRATE JUDGE

3